UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAXY MICKENZIE, : | |
| : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:CV-13-0966 |
| v. : | |
| : | (Judge Mannion) |
| THOMAS DECKER, : | |
| : | |
| Respondents : | |

**MEMORANDUM**[1]

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Prison, Lords Valley, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Mickenzie challenges his continued detention by the ICE. Because Petitioner's removal period has yet to expire, the petition will be dismissed, without prejudice, as premature.

**Background**

Petitioner states that he has been "in immigration custody since March 9, 2012." (Doc. No. 1, petition). On January 3, 2013, an Immigration Judge denied

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

his applications for asylum, withholding of deportation and convention against torture, and ordered him removed to Jamaica. (Doc. No. 1, Ex. 1, Order of Immigration Judge). Petitioner did not file an appeal to the Board of Immigration Appeals ("BIA"). (Doc. No. 1, petition).

On April 16, 2013, Petitioner filed the instant petition for writ of habeas corpus, stating that "ICE is exposing [him] to excessive prolonged detention in violation of his Eighth Amendment rights and Due Process Clause of the constitution of the United States." (Id.). He further states that he "did not appeal the decision because [he] did not want to be sitting in jail for a long time." (Id.). Thus, Petitioner seeks immediate release from his continued detention. (Id.).

**Discussion**

Habeas corpus petitions brought under §2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the

petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself...." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir.1991).

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) specifically provides: The removal period begins to run on the latest of then following:

> (I) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) and (6).

3

In [Zadvydas vs. Davis, 533 U.S. 678 (2001)](#), the United States Supreme Court addressed the issue of whether [§1231(a)(6)](#) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90 day removal period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 2498. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 2503. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 2505. The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." [Id.](#) The Court stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Following the Supreme Court's decision in Zadvydas, regulations have been promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. §241.4. Prior to the expiration of the 90 day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. §241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the HQPDU for further custody review. 8 C.F.R. §241.4(k)(1)(ii).

Mickenzie's order of removal became final on February 4, 2013, when he failed to file an appeal of the Immigration Judge's decision to the Board of Immigration Appeals within thirty (30) days after the Immigration Judge's decision. His ninety (90) day mandatory detention removal period has yet to expire. Thus, the petition will be dismissed, without prejudice, as Petitioner is prematurely before the Court. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: April 24, 2013
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-0966-01.wpd